UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SEAN G.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-CV-13-BL |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

### REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), the plaintiff seeks judicial review of the decision of the Commissioner of Social Security, who denied his application for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. The Senior United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be affirmed and this case dismissed.

### I. STATEMENT OF THE CASE

Plaintiff filed an application for SSI on February 28, 2014 and an application for DIB on April 7 of the same year, alleging impairments that were disabling as of September 11, 2013. That application was denied initially and after reconsideration. The plaintiff requested a hearing, which

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies the Plaintiff only by first name and last initial.

was held before an Administrative Law Judge on September 14, 2015. The ALJ issued a decision on February 2, 2017 finding him not disabled.

Specifically, the ALJ found during step one that the plaintiff had not engaged in substantial gainful activity after the alleged onset date. (Doc. 16-1, 57). At step two, the ALJ found that he had the severe impairments of degenerative disc disease of the lumbar spine, multiple sclerosis, anxiety, depression, lumbar spondylosis, chronic urinary retention, and fibromyalgia. (Doc. 16-1, 57). In the third step, the ALJ found those severe impairments did not meet and were not the equivalent of any listed impairments. (Doc. 16-1, 57). The step three analysis continued with the ALJ determining the claimant retained the residual functional capacity to perform light work with some limitations. (Doc. 16-1, 59). The ALJ determined that the plaintiff could not return to any past relevant work, but that there were jobs the claimant could perform. (Doc. 16-1, 67-68). The ALJ therefore determined he was not under a disability between the alleged onset date and the date the decision was issued. (Doc. 16-1, 69).

The plaintiff then applied to the Appeals Council, which denied review on November 27, 2017. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to the pleadings, testimony at the administrative hearing, and administrative record, the plaintiff was 46 and living with his wife and four children at the time of the administrative hearing. He has some college education and work history as a truck driver. He believes his physical and mental impairments render him disabled under the Act.

## III. STANDARD OF REVIEW

A person is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [they are] disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial

evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

The plaintiff alleges the RFC assessed by the ALJ is inconsistent with limitations from impairments she classified as severe in two specific areas.

First, he claims that the RFC assessed does not properly accommodate his limitations because it allows him only five-minute breaks each hour, when he testified that he requires at least 15 minutes five times through the day to self-catheterize. (Doc. 19, 9). The ALJ assessed a severe impairment of urine retention as a symptom of multiple sclerosis, and there are multiple mentions through the ALJ's decision of catheter and urinary issues. However, the plaintiff's specific complaint is that he self-reported a need to spend 15-20 minutes between five and eight times a day self-catheterizing, and the RFC assessed by the ALJ incorporates only an extra five-minute break each hour. (Doc. 19, 9). Although the plaintiff claims this five-minute break incorporated into the RFC is related to catheterization issues, that reading is unsupported by the text of the

decision. (Doc. 19, 9). The ALJ did not claim that self-catheterization could be accomplished in five minutes, and gave no indication that the five-minute breaks were related to urinary issues.

Inclusion of urinary issues as a severe impairment indicates that it would have some impact on the claimant's ability to work, but does not necessarily endorse all the self-reported limitations tied to that condition by the claimant. The burden to show disability is the claimant's, and the plaintiff points to his own testimony to show the frequency and length required for the catheterization. (Doc. 19, 9). He also cites the record of one urologist, noted by the ALJ in the opinion, which observed that he self-reported catheterizing six times a day. (Doc. 19, 9) (citing Doc. 16-1, 64). The ALJ did not directly question the frequency or duration of the breaks required for catheterization, but did generally discount "the claimant's statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms [as] not entirely consistent with the medical evidence." (Doc. 16-1, 66).

Contrary to the plaintiff's assertion, the ALJ is not required to show that the RFC is compatible with all a claimant's self-reported symptoms, but rather to evaluate that testimony alongside objective medical evidence and conclude the remaining capacity for work. (Doc. 19, 9-10). The plaintiff must show that no reasonable person could find support in the record for the RFC assessed by the ALJ, not that some conflict might appear to exist between a claimant's purported symptoms and the RFC. It is insufficient to merely show that there is evidence that might lead a different person to draw a different conclusion, and so the plaintiff here has failed to show that the RFC decision is unsupported by substantial evidence as regards the catheter and urination issue.

The plaintiff also claims that the ALJ failed to properly incorporate the opinion of a consulting expert into the mental components of the RFC. (Doc. 19, 10-11). The ALJ discussed the report of Wilson Manning, Ph.D. in assessing the "paragraph B" criteria for mental impairments under the regulations. The ALJ interpreted Dr. Manning's assessment and found no marked or extreme limitations, moderate limitations in three categories, and mild limitations in the fourth category. However, the decision explicitly stated

> The limitations identified in the "paragraph B" criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraph B of the adult mental disorders listings…. Therefore, the following residual functional capacity assessment reflects the degree of limitation [the ALJ] found in the "paragraph B" mental function analysis."

(Doc. 16-1, 59). So, those limitations are not presumptively disabling and are incorporated into the RFC.

The plaintiff claims that an RFC limitation to simple tasks is incompatible with the paragraph B assessment of moderate limitations in the ability to understand, remember, and apply information. (Doc. 19, 12). The ALJ explained the mental component to the RFC by considering the self-reported problems with concentration and memory, but finding that his reported daily activities—including child care, driving, and managing a household—indicated a greater level of function. (Doc. 16-1, 66). So, far from being internally contradictory, the ALJ made clear that the paragraph B analysis was incorporated into the RFC after considering the other medical and testimonial evidence. The plaintiff has failed to show that the ALJ's RFC assessment is unsupported by substantial evidence.

## V. CONCLUSION

Because the plaintiff has failed to show that the ALJ's decision is either unsupported by substantial evidence or the result of legal error, it is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and this case **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** to the docket of Senior United States District Judge Sam R. Cummings.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated February 28, 2019.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**